

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00071-CR

**EX PARTE** Thomas **VELA**

From the County Court at Law No. 13, Bexar County, Texas
Trial Court No. 696824
Honorable Rosie S. Gonzalez, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
            Beth Watkins, Justice
            Liza A. Rodriguez, Justice

Delivered and Filed: June 28, 2023

DISMISSED FOR LACK OF JURISDICTION

On January 17, 2023, appellant filed a notice of appeal attempting to appeal the trial court's order denying relief on his application for writ of habeas corpus seeking reinstatement of bond. However, on April 12, 2023, the trial court signed an order granting the State's motion to dismiss the underlying case due to insufficient evidence.

"A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005). "The longstanding rule in Texas regarding habeas corpus is that where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are moot." *See Ex parte Sifuentes*, 639 S.W.3d 842, 845 (Tex. App.—San Antonio 2022, pet. ref'd). "A court of appeals has no jurisdiction to decide moot controversies

and issue advisory opinions." *Ex parte Huerta*, 582 S.W.3d 407, 411 (Tex. App.—Amarillo 2018, pet. ref'd).

Because the premise of appellant's habeas corpus application has been destroyed by the trial court's subsequent order dismissing the underlying case, we ordered appellant to show cause in writing, on or before May 26, 2023, why this appeal should not be dismissed for lack of jurisdiction. In his response to our show cause order, appellant states he "is not opposed to dismissal of the appeal for lack of jurisdiction since the trial court's subsequent dismissal of the underlying case has rendered the premise of the habeas corpus application and legal issues raised thereunder moot." Accordingly, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

Do not publish